Louis B. Heller, J.
This proceeding pursuant to section 123 of the Alcoholic Beverage Control Law is brought by petitioner to annul a determination of the respondent Authority granting a license for sale of liquor for off-premises consumption at 639 Wilson Avenue, Brooklyn. The sufficiency of the petition was sustained by a prior order of this court and the matter is now before me for determination upon the merits after answer upon all the pleadings and papers. Since this last disposition, the Court of Appeals in Matter of Forman v. New York State Liq. Aiith. (17 N Y 2d 224, 228) has reversed the holding of our Appellate Division (25 A D 2d 563) and remanded that matter to the State Liquor Authority “ to develop a complete record as to the package store license application and to establish the basis for the Authority’s conclusion that the grant of the license will promote ‘ public convenience and advantage ’ ”. Petitioner here contends that the Forman case is controlling and that the disposition should be the same.
The rival liquor stores here are not in as close proximity as those affected in the Forman case. Petitioner’s store at 582 Wilson Avenue is approximately 2Ys blocks (650 feet) northerly from applicant’s location, and three other package stores range in distance from 1,300 feet to 2,200 feet. In other respects, too, this matter differs in that there are more particulars available than in the Forman case. In what can best be described as a “ battle of the numbers ’ ’ respondent Authority in its memorandum of law lists 26 items presented in the record for consideration as opposed to 4 in the Forman case. Since quality and not quantity governs, the numbers are not overly persuasive. The first nine exhibits comprise the application forms presented as a package by the would-be licensee. Items 22 and 23 are merely copies of Bulletin 390 and former rule 17 of the Authority (9 NYCRR Part 42) and add nothing factually. Items 24 through 26 were submitted for the first time in this proceeding and cannot properly be considered part of the record upon which the Authority based its determination (see Matter of Fragomeni v. Wilson, 280 App. Div. 1023; Stilwell Ave. Liq. Corp. v. State Liq. Auth., N. Y. L. J. May 16,1966, p. 17, col. 5 [Sup. Ct., Kings County, Feiden, J.]). The question for resolution by the court here is whether the matters properly presented to and considered by the Authority justify the issuance of a license.
Of course, the crux here, the polestar by which the Authority must be guided, is “public convenience and advantage” as dictated by section 2 of the Alcoholic Beverage Control Law and re-emphasized by chapter 1024 of the Laws of 1965 (Alcoholic Beverage Control Law, § 63). Public convenience and *526 advantage are variable concepts and have not been precisely defined or formulated. As a matter of fact, the Court of Appeals has stated that the Authority ‘ ‘ may not, by rule or bulletin, avoid its duty by formulating and promulgating a predetermined policy” (Matter of Hub Wine & Liq. Co. v. State Liq. Auth., 16 N Y 2d 112, 119), reasserting the principle as laid down in Matter of Swalbach v. State Liq. Auth. (7 N Y 2d 518), In situations such as this the prime function of the court is limited to scrutiny and review; to test whether the statutory provisions have been breached or circumvented. Matter of Swalbach v. State Liq. Auth. (supra, p. 526), established that “ If an administrative agency acts within permissible limits of the law and its conclusions find reasonable support in the record, its determination is conclusive.” In Matter of Hub Wine & Liq. v. State Liq. Auth, (supra, p. 118), the court held that where the Authority ‘ had a full statement of the factual reasons advanced by the applicant ’ ’, no findings of fact were required and intervention by the court was not warranted. The latest pronouncement on the subject is Matter of Forman v. State Liq. Auth, (supra) which, in remanding the matter for further consideration, now appears to set an additional guideline to bar indiscriminate licensing without a reasonable basis founded on an adequate supporting record. Accordingly, the Authority is now enjoined to navigate a reasoned course through the straits between the Seylla of Hub and the Charybdis of Matter of Forman. Unfortunately, the charts available are not drawn with finite precision for they must not demonstrate a “ predetermined ” policy.
Gauged then by the principles set forth in these cases, the matter now before me should show as a minimum that the determination of public convenience and advantage is bolstered by a reasonably complete record. The distance between competing stores in itself is not controlling. Other governing factors are population density, the character of the area and the prospective trade (industrial, business, residential, transient, etc.), etc. A good deal of material has been produced for, the first time in this proceeding, material not reflected in the record before the Authority at all. It appears by memoranda and affidavits now introduced that Wilson Avenue at this point is a dead-end street; that there is at the southerly end of Wilson Avenue a railroad embankment separating an inhabited area from an area devoted to cemetery use; that there is a subway station approximately 300 feet from applicant’s location; that there is a concentration of industrial plants and businesses in the immediate vicinity, etc. None of these factors were *527 revealed as a result of the Authority’s investigation as reflected in the loeal or zone office digest sheets. The only reference in the record to the fact that Wilson Avenue may be a dead-end street or that there is a subway nearby is found in a letter of protest attached to the report of investigation from a community civic association. Item 4(b) of the investigation report which requires a statement as to whether the area is “ congested or sparsely populated ” is left blank and unanswered. Population density is not mentioned at all. It may very well be that consideration of these factors by the Authority will serve to reinforce and reaffirm the determination to issue the license, but that is a matter for the Authority, not this court, to decide upon all the facts in the first instance.
For all of the above reasons, the matter is remanded to the State Liquor Authority for reconsideration and determination consistent with this opinion.